UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | | |
|---|---|---|
| TRENICE WARD * | | Civil Action No.: 2:21-cv-02089 |
| Plaintiff * | | |
| * | | Section: "R" |
| VERSUS * | | |
| * | | |
| DOLLAR TREE, * | | Judge: Honorable Sarah S. Vance |
| Defendant * | | |
| * | | |
| * | | Magistrate Judge: Honorable Judge Michael North |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

**NOW INTO THE COURT**, through undersigned counsel, come Plaintiff, Trenice Ward, who moves this Court for an order compelling Defendant, Dollar Tree, to answer Interrogatories and respond to Request for Production of Documents previously served upon them on October 13, 2021, due to the following:

**FACTS**

Plaintiff, Trenice Ward, was a patron shopping at the Dollar Tree located at 6405 Airline Drive, in Metairie, La. on June 27, 2020. While the Plaintiff waited in line to check out an unknown Dollar Tree employee advised the Plaintiff that her register was closed and asked if the Plaintiff would move to another line. The Plaintiff kindly relocated to another register and immediately after the unknown Dollar Tree began to check out another customer. The Plaintiff politely asked the employee about the situation. The unknown Dollar Tree employee then came from behind her register, approached the Plaintiff and for no known reason began to strike the Plaintiff with her fist and pull the Plaintiff's hair. The Plaintiff sustained substantial injuries as a result of the altercation.

On October 13, 2021, Plaintiff served Dollar Tree with the Plaintiff's First Set of Interrogatories and Request for Production of Documents in the above-entitled and numbered litigation. A copy of said Interrogatories and Request for Production of Documents are attached as "Exhibit No. 1." The Interrogatories and Request for Production of Documents were properly served on the Defendant's counsel.

On November 15, 2021, undersigned counsel sent correspondence to Defendant's counsel advising Defendant's counsel that a Rule 10.1 Telephone Conference was scheduled for November 22, 2021, pertaining to the past due responses to Plaintiff's First Interrogatories and Request for Production of Documents. A copy of said Rule 10.1 is attached to this motion as "Exhibit No. 2."

On November 22, 2021, Plaintiff and counsel for Defendant conducted a conference at the prescribed time. Counsel for Defendant requested until December 3, 2021, to provide the Plaintiff with the past due discovery responses.

On December 7, 2021, counsel for Defendant had still not produced the requested responses to Plaintiff's first set of Discovery. As a result, Plaintiff's counsel notified Defendant's counsel that if responses were not received by December 9, 2021, that the Plaintiff would be forced to file a Motion to Compel. A copy of said emails is attached to this motion as "Exhibit No. 3."

On December 9, 2021, the Plaintiff received Defendant's responses to Plaintiff's First Set of Discovery.  However, the Defendant's responses were insufficient. On December 10, 2021, undersigned counsel sent correspondence to Defendant's counsel advising Defendant's counsel that a Rule 10.1 Telephone Conference was scheduled for December 17, 2021, pertaining to the Defendant's insufficient responses to Plaintiff's First Set of Discovery. A copy of said Rule 10.1 is attached to this motion as "Exhibit No. 4."

On December 17, 2021, Plaintiff and counsel for Defendant conducted a conference at the prescribed time. Counsel for Defendant requested until December 24, 2021, to provide the Plaintiff with sufficient discovery responses.

## LAW AND ANALYSIS

Rule 33 and 34 of the Federal Rules of Civil Procedure authorize a party to serve upon an adverse party Interrogatories and Request for Production of Document. *Parkcrest Builders LLC v. HANO* (E.D. La. 2017); *See* also *Leal v. Wal-Mart Stores, Inc*. (E.D. La. 2017). Under the Federal Rules of Civil Procedure Rule 33(b)(2) and Rule 34(b)(2)(A), the Defendant is required to respond to Interrogatories and Request for Production of Documents within thirty (30) days of service. Additionally, Federal Rule of Civil Procedure Rule 37 provides that if answers to Interrogatories and Request for Production of Documents are not timely made, a motion to compel discovery may be filed for an order compelling response to discovery. *Leal v. Wal-Mart Stores, Inc*. (E.D. La. 2017). Generally, the scope of discovery is broad and permits the discovery of any non-privileged matter that is relevant to any party's claim or defense. *Crosby v. Health Serv. and Indem. Co*., 629 F. 3d 457, 460 (5th Cir. 2010); *citing* Fed. R. Civ. P. 26(b)(1); *see* also *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982). A discovery request is relevant when it seeks admissible evidence or is reasonably calculated to lead to discovery of admissible evidence. *Crosby v. Health Serv. and Indem. Co*., 629 F. 3d 457, 460 (5th Cir. 2010); citing *Wiwa v. Royal Dutch Petroleum Co.* 392 F.3d 812, 820 (5th Cir. 2004). A court is afforded broad discretion when deciding discovery matters. *Crosby v. Health Serv. and Indem. Co*., 629 F. 3d 457, 459 (5th Cir. 2010).

## CONCLUSION

Through the present time, Defendant has not provided Plaintiff with sufficient responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant's

failure to timely respond to discovery has been without substantial justification. Therefore, movers are entitled to an order from the Court compelling proper answers to said Interrogatories and responses to Request for Production of Documents.

    **WHEREFORE,** Plaintiff, Trenice Ward, prays the Court to grant the foregoing motion to compel discovery. The Plaintiff further request for all general and equitable relief.

    Respectfully submitted,

BY: _/s/ Timothy B. Moore, Sr._
The Law Office of Timothy B Moore
TIMOTHY B. MOORE (Bar #33997)
405 Gretna Blvd. Suite 210
Gretna, LA 70053
Phone: (504) 669-2002
Fax: (504) 267-2086
*Attorneys For Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | | |
|---|---|---|
| TRENICE WARD * | Civil Action No.: 2:21-cv-02089 |
|     Plaintiff * | |
| * | Section: "R" |
| VERSUS * | |
| * | |
| DOLLAR TREE, * | Judge: Honorable Sarah S. Vance |
|     Defendant * | |
| * | |
| * | Magistrate Judge: Honorable Judge Michael North |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION OF CONFERENCE**

I, the undersigned attorney, certify to the court as follows:

Undersigned counsel hereby certifies that pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, he has attempted to confer with opposing counsel and has attempted to amicably resolve the issues raised by this Motion to Compel Discovery but has been unable to do so as evidenced by the lack of answers/responses from Plaintiff necessitating the filing of this motion.

Certified this 29th day of December, 2021.

*/s/ Timothy B. Moore, Sr.*
TIMOTHY B. MOORE